Guy Ruttenberg, Bar No. 207937
guy@ruttenbergiplaw.com
RUTTENBERG IP LAW,
A PROFESSIONAL CORPORATION
1801 Century Park East, Suite 1920
Los Angeles, CA 90067
Telephone: (310) 627-2270
Fax: (310) 627-2260

Steve Papazian, Bar No. 288097
steve@papazianiplaw.com
PAPAZIAN IP LAW, APC
325 N. Larchmont Blvd, Suite 172
Los Angeles, CA 90004
Telephone: (562) 522-4086
Fax: (213) 816-1931

*Attorneys for Plaintiff Cadence Design Systems, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CADENCE DESIGN SYSTEMS, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>FENDA USA INC., et al.,<br><br>Defendants. | Case No. 3:23-cv-05916-RFL<br><br>**PLAINTIFF CADENCE DESIGN SYSTEMS, INC.'S NOTICE OF MOTION AND MOTION TO OPEN DISCOVERY; MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: November 12, 2024<br>Time: 10:00 am<br>Judge: Hon. Rita F. Lin<br>Courtroom: 15 |

# NOTICE OF MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on November 12, 2024 at 10:00 AM, or as soon thereafter as the Court allows, in Courtroom 15, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Plaintiff Cadence Design Systems, Inc. ("Cadence") will and hereby does move the Court to open discovery pursuant to Fed. R. Civ. P. 26(d)(1).

As set forth in the accompanying Memorandum of Points and Authorities, all three Defendants are in default and discovery is needed to obtain evidence to prove damages in default proceedings, as well as identify other potential defendants. As such, Cadence respectfully submits that there is good cause to open discovery pursuant to Fed. R. Civ. P. 26(d)(1). Cadence's motion is supported by this Notice, the accompanying Memorandum of Points and Authorities, the Proposed Order, the Declaration of Steve Papazian, the other materials, orders, declarations and pleadings on file with the Court, and any additional argument that may be heard or submitted including at oral argument.

# MEMORANDUM OF POINTS & AUTHORITIES

## I. INTRODUCTION

Pursuant to Fed. R. Civ. P. 26(d)(1), Plaintiff Cadence Design Systems, Inc. ("Cadence") respectfully requests that the Court open discovery. All three Defendants—Fenda USA Inc., MS^2 Inc., and Shenzhen Fenda Technology Co., Ltd.—are in default. While discovery typically opens after a Rule 26(f) conference, no such conference is possible because the other parties in this suit are absent. As set forth below, Cadence seeks to open discovery to move this litigation along and obtain important information for its motion for default judgment, including evidence to quantify damages and potentially identify other defendants.

## II. BACKGROUND

Cadence is a leading provider of electronic design automation software and semiconductor intellectual property based in San Jose, CA. (Dkt. No. 9 (First Amended Complaint or "FAC") ¶¶ 16, 18). Cadence licenses its software across the globe, which is used for designing, testing, and building electronic components, systems, and products across a variety of industries. (*Id.* ¶ 16-17). For example, Cadence's products—such as Allegro® and OrCAD®—are used by leading semiconductor manufacturers, car makers, wireless technology companies, and other precision manufacturers. (*Id.*). Cadence owns registered copyrights in its software programs, as well as updates and improvements to these programs. (*Id.* ¶ 19).

Defendants comprise a transnational consumer electronics company doing business under the name "Fenda" in the United States and elsewhere. Defendant Shenzhen Fenda Technology Co., Ltd. ("Shenzhen Fenda") is a Chinese limited company based in Shenzhen, China and is the parent of the other two Defendants—MS^2, Inc. ("MS^2") and Fenda USA Inc. ("Fenda USA")—which are California and Delaware corporations, respectively, with operations in California. (FAC ¶¶ 6-7; Exs. A-B).

While Fenda USA is suspended from operating in California (*see* Ex. C), public records show Shenzhen Fenda (its parent) continues to conduct business in California and elsewhere in the United States. For example, shipping records show that as recently as this month, Shenzhen Fenda is shipping goods from China directly into the United States to a large number of business partners,

including LG Electronics U.S.A., Inc., John Paul Mitchell Systems, Farouk Systems Inc., Inmusic Brands, Inc., Helen of Troy L.P., and others. (Papazian Decl. ¶ 5; Ex. D (ImportGenius printout)).

To protect its software from unauthorized use, Cadence has implemented a sophisticated compliance monitoring system that "phones home" information on detected pirated use of Cadence Software. (*See generally* FAC ¶¶ 20-24). For example, upon detecting such illicit use, Cadence's "phone-home" technology sends to Cadence a number of data points, such as computer names (often referred to as "hostnames"), MAC addresses (*i.e.*, unique hardware identifiers), computer domain names, and email addresses associated with the offending computers. (*Id.* ¶¶ 20-24, 43-45).

Through this phone-home system, Cadence collected evidence connecting Defendants to massive infringement of Cadence Software. At the time Cadence filed its First Amended Complaint in November 2023, Defendants had used pirated Cadence Software over 246,000 times on at least 266 computers. (*Id.* ¶¶ 43-45). Phone-home records show that this unauthorized use occurred on computers connected to Defendants' Fenda.com computer network by users with @fenda.com email addresses. (*Id.*). Based on this wide-ranging piracy, Cadence alleged claims for (i) copyright infringement, (2) circumvention of access controls under 17 U.S.C. § 1201 *et seq.*, and (3) breach of clickwrap agreements to which Defendants necessarily assented when installing Cadence Software. (*Id.* ¶¶ 48-67).

All three Defendants have been served, but none have appeared. MS^2 was served on December 20, 2023 through its registered agent (Dkt. No. 15), Fenda USA was served on June 4, 2024 through the California Secretary of State, as authorized by the Court (Dkt. No. 32), and Shenzhen Fenda was served on July 31, 2024 via its designated agent and general manager (Dkt. Nos. 46, 46-1). After Defendants failed to respond, the Clerk entered default against MS^2 and Fenda USA on July 10, 2024, and entered default against Shenzhen Fenda on October 1, 2024. (Dkt. Nos. 35, 49).

This Motion follows.

III. **ARGUMENT**

Pursuant to Fed. R. Civ. P. 26(d)(1), discovery generally opens after the parties have conducted their Rule 26(f) conference "or when authorized by these rules, by stipulation, or by court

| | |
|---|---|
| 1 | order." Courts consider requests to open discovery before a Rule 26(f) conference under a "good |
| 2 | cause" standard. *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275 (N.D. Cal. 2002). |

      Good cause is routinely found in cases (such as this one) involving claims of infringement, where defendants are in default and a plaintiff needs discovery for purposes of proving damages in default judgment proceedings. *Adobe Sys. Inc. v. Bunhey*, No. EDCV131365VAPOPX, 2013 WL 12140304, at *1 (C.D. Cal. Oct. 29, 2013). This is because a plaintiff generally must "independently 'prove-up' the amount of damages sought in the complaint" when seeking a default judgment. *Berholtz v. P4 Meditech Analytics, LLC*, No. 320CV02507WQHAHG, 2021 WL 4480670, at *2 (S.D. Cal. Sept. 30, 2021) (citing *Oakley, Inc. v. Moda Collections, LLC*, No. SACV-19-160-JLS-JCGx, 2016 WL 7495835, at *2 (C.D. June 9, 2016)). Further, as a general proposition, a "plaintiff should be given an opportunity through discovery to identify [any] unknown" defendants. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).

      Here, the Court should open discovery so that Cadence can obtain evidence to prove its damages case. For example, Cadence intends to seek a default judgment on its copyright infringement claim. One remedy for copyright infringement is disgorgement of "any profits of the infringer that are attributable to the infringement." 17 U.S.C. § 504(b). To obtain these profits, Cadence must "present proof . . . of the infringer's gross revenue," which Cadence cannot do without the benefit of discovery. As such, Cadence intends to subpoena sales information in the possession, custody, or control of Defendants' U.S. business partners and customers, as well as product design information to establish the use of pirated Cadence Software by Defendants. Indeed, Cadence has obtained a default judgment and damages award in this District on precisely this type of information obtained through third-party discovery. *See Cadence Design Sys., Inc. v. Pounce Consulting, Inc.*, No. 17-CV-04732-PJH (SK), 2019 WL 1095838, at *10 (N.D. Cal. Jan. 23, 2019), *report and recommendation adopted*, No. 17-CV-04732-PJH, 2019 WL 1767332 (N.D. Cal. Apr. 22, 2019).

      Further, Cadence should be permitted an opportunity to conduct discovery to identify additional potential defendants. *Gillespie*, 629 F.2d at 642. Cadence has identified three Defendants in its pre-litigation investigation as responsible for the infringement alleged in the First Amended Complaint. For example, Cadence detected use of pirated software on the Fenda.com network on

computers associated with @fenda.com email addresses. (FAC ¶¶ 43-45). However, Defendant Shenzhen Fenda appears to have a large number of subsidiaries and/or affiliates with which it shares its "Fenda" name. (*See* Ex. E (listing nine affiliates with "Fenda" in their name)). Cadence expects that third-party discovery will confirm whether any of these other entities are involved in the misconduct alleged in the First Amended Complaint such that any default judgment in this case is entered against all of the appropriate parties after they have had an opportunity to participate in this litigation.

Moreover, to the extent relevant, the need for discovery in this case outweighs any potential prejudice to the responding parties, *i.e.*, third parties responding to subpoenas. Cadence intends to seek limited discovery on these entities that will go to important evidentiary issues such as damages and the actors responsible therefor. To the extent any third-party objections are raised, Cadence will meet and confer with such parties in the regular course.

### IV. <u>CONCLUSION</u>

For the foregoing reasons, Cadence respectfully requests leave to commence discovery in this action forthwith.

| | | | |
|---|---|---|---|
| 1 | DATED: October 2, 2024 | By: | */s/ Steve Papazian* |

**Guy Ruttenberg**
RUTTENBERG IP LAW, A PROFESSIONAL CORPORATION
1801 Century Park East, Suite 1920
Los Angeles, CA 90067
Telephone: (310) 627-2270
guy@ruttenbergiplaw.com

**Steve Papazian**
PAPAZIAN IP LAW, APC
325 N. Larchmont Blvd, Suite 172
Los Angeles, CA 90004
Telephone: (562) 522-4086
steve@papazianiplaw.com

*Attorneys for Plaintiff*