CATHLEEN S. HUANG (#219554)
RICHARD A. ERGO (#110487)
Bowles & Verna LLP
2121 N. California Blvd., Suite 875
Walnut Creek, California 94596
Telephone: (925) 935-3300
Facsimile: (925) 935-0371
Email: chuang@bowlesverna.com
rergo@bowlesverna.com

Attorneys for Defendant
Shenzhen Fenda Technology Co., Ltd.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

CADENCE DESIGN SYSTEMS, INC.,

Plaintiff,

v.

FENDA USA, INC.; SHENZHEN FENDA TECHNOLOGY CO., LTD; MS^2 INC.,

Defendants.

**Case No. 3:23-cv-05916-RFL**

**NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR INSUFFICIENCY OF SERVICE OF PROCESS PURSUANT TO FRCP 12(b)(5) OR ALTERNATIVELY, MOTION TO QUASH SERVICE OF SUMMONS**

**Date: April 29, 2025**
**Time: 10:00 AM**
**Judge: The Honorable Rita F. Lin**
**Courtroom: 15**

1

NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR INSUFFICIENCY OF SERVICE OF PROCESS PURSUANT TO FRCP 12(B)(5) OR ALTERNATIVELY, MOTION TO QUASH SERVICE OF SUMMONS- Case No. 3:23-cv-05916-RFL

Bowles & Verna LLP
2121 N. California
Suite 875
Walnut Creek 94596

TABLE OF CONTENTS


I. INTRODUCTION ........ 4

II. RELEVANT PROCEDURAL HISTORY ........ 5

A. The Court Denied Plaintiff's Request To Serve SZ Fenda By Email/Subsidiary's Former U.S. Counsel And Ordered Plaintiff To Comply With Hague Service Convention ........ 5

B. Plaintiff Served SZ Fenda's FCC Agent And Not A "General Manager" -- Failed To Serve SZ Fenda In Compliance With The Hague Convention........ 6

1. The Scope of FCC Designated Agent Is Limited To FCC Matters ........ 7

2. Based On Plaintiff's Representation That It Had Served SZ Fenda's Agent For Service And "General Manager" ~ The Clerk Entered Default........ 11

III. LAW ........ 12

A. Legal Standard ........ 12

1. Service Without Complying With Hague Convention Was Insufficient ........ 12

2. Service On FCC Agent Fails To Comply With Hague And Is Insufficient ........ 13

3. Plaintiff's Service Of Process Did Not Comply With FRCP or CCP As It Had Represented To Court........ 14

IV. SZ FENDA SHOULD BE DISMISSED ~ PLAINTIFF HAS NOT ATTEMPTED PROPER SERVICE UNDER THE HAGUE FOR OVER A YEAR........ 17

V. CONCLUSION........ 18

**Cases**

*Brockmeyer v. May, 383 F.3d 798, 801 (9th. Cir. 2004)* .......... 11

*CSPC Dophen Corp. v. Zhixiang Hu, No. 217CV1895MCEDBPS, 2018 U.S. Dist. LEXIS 200697, 2018 WL 6184617, at *11 (E.D. Cal. Nov. 27, 2018)* .......... 11

*Dill vs. Berquist Construction Co.*, 24 Cal App. 4th 1426, 1438 (1994) .......... 16

*Dominguez v. Osorio, No. CV 16-689 PSG (GJSX), 2018 U.S. Dist. LEXIS 224742, 2018 WL 7458522, at *5 (C.D. Cal. Oct. 18, 2018)* .......... 17

In re FCC Amends Equipment Authorization Program, 37 FCC Rcd 13493; 13520 .......... 13

*Stevens v. Security Pacific Nat'l Bank, 538 F.2d 1387, 1389 (9th. Cir. 1976)* .......... 11, 17

*SVC-Napa, L.P. vs. Strategy Resort Fin., Inc.*, 2006 U.S. Dist. LEXIS 60821, *4-5 (ND Cal. Aug. 15, 2006) .......... 11

*Warner Brothers Records, Inc. v. Golden West Music Sales, 36 Cal. App. 3d 1012, 112 Cal. Rptr. 71 (1974)* .......... 16

*Volkswagenwerk Aktiengesellschaft v. Schlunk, 486 U.S. 694, 699, 705, 108 S. Ct. 2104, 100 L. Ed. 2d 722 (1988)* .......... 11, 12

**Statutes**

Cal. Civ. Proc. Code 416.10 .......... 10

Cal. Corp. Code Sections 202 .......... 15

Cal Corp Code § 1502(b) .......... 15, 16

Cal. Corp. Code Sections 2105 and 2107 .......... 15, 16

**Rules**

Federal Rules of Civil Procedure Rule 12(b)(5) .......... 4, 11, 16

Federal Rules of Civil Procedur Rule 4(h)(1)(A) &(B) .......... 10, 14

3

NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR INSUFFICIENCY OF SERVICE OF PROCESS PURSUANT TO FRCP 12(B)(5) OR ALTERNATIVELY, MOTION TO QUASH SERVICE OF SUMMONS- Case No. 3:23-cv-05916-RFL

PLEASE TAKE NOTICE that on **April 29, 2025, at 10:00 AM**, or as soon thereafter as counsel may be heard by the above-entitled Court, in Courtroom 15, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Shen Zhen Fenda Technology Co., Ltd. ("SZ Fenda") will and hereby does move the Court for an order dismissing the case for insufficiency of service of process pursuant to FRCP 12(B)(5) or, alternatively, to quash service of summons and complaint.

SZ Fenda seeks an order to dismiss the action or, in the alternative, to quash service of the summons and complaint.

## I. INTRODUCTION

Pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 12(b)(5), Defendant Shenzhen Fenda Technology Co., Ltd. ("SZ Fenda") specially appears to request this Court dismiss SZ Fenda for insufficiency of service of process or alternatively, to quash service of summons, because the person Plaintiff has served, Ms. Miranda Lou, is neither an employee for SZ Fenda nor its "general manager" --as Plaintiff had represented to this Court in its Proof of Service and request for entry of default. Ms. Lou is affiliated with a company, FCC US Agent, LLC, that SZ Fenda designated to be its agent for the limited purpose of receiving correspondences from the Federal Communications Commission ("FCC") pursuant to an application to the FCC for an equipment certification. SZ Fenda has never authorized FCC US Agent, LLC to receive service of process outside of FCC matters/proceedings.

As this Court instructed in its denial of Plaintiff's request for alternative service method on SZ Fenda (Doc. 29, p. 2, 3):

> "SZ Fenda is a Chinese corporation with its principal place of business in China. [Cite omitted]The Convention Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (**the "Hague Service Convention" or "Convention") governs the service of court documents abroad among signatory countries, which includes China and the United States.** [Cite omitted] **Under the Hague Service Convention, an applicant may send a request to a receiving country's central authority, which must then attempt to serve the defendant in a manner compatible with the receiving country's domestic laws** and to either certify that service was completed or explain why it was not. Hague Service Convention, Arts. 2–7."

This Cadence has not done. Accordingly, Cadence's service of process is insufficient and must be quashed. Furthermore, this Court has the authority to dismiss the case against SZ Fenda for the nearly 16 month failure to properly serve SZ Fenda.[1]

## II. RELEVANT PROCEDURAL HISTORY

### A. The Court Denied Plaintiff's Request To Serve SZ Fenda By Email/Subsidiary's Former U.S. Counsel And Ordered Plaintiff To Comply With Hague Service Convention

On November 15, 2023, Cadence filed its Complaint against defendants, Shenzhen Fenda Technology Co. Ltd., Fenda USA, Inc., and Ms2. (Doc. 1). On May 21, 2024, this Court denied Plaintiff's motion for alternate service as to SZ Fenda by email and/or by its subsidiary's former U.S.-based counsel ruling: "the "Hague Service Convention"…governs the service of court documents abroad among signatory countries, which includes China and the United States" and "**Cadence has not submitted evidence that it has attempted to serve Shenzhen Fenda by sending a request for service to the Chinese Central Authority**…" (Doc. 29, pp. 1-2.) The Court explained:

> **[t]he Hague Service Convention protects defendants from being haled into foreign courts through forms of service that are not recognized in their home jurisdictions**, even if those methods may be authorized under the local law of the foreign jurisdiction where the suit originated…U.S. plaintiffs may not sue Chinese defendants through email on the basis that U.S. law allows it. Instead, **service must take place through the authorized methods delineated in the Convention, as agreed upon by the signatories. To hold otherwise would contravene the plain text, structure, and purpose of the treaty.**

(Doc. 29, p. 3.) [Emphasis added]. The Court further instructed as to the only permissible methods of service under the Hague Convention:

> **Under its plain language, the Convention prohibits service through methods not enumerated in its articles. The "present Convention shall apply in all cases, in civil or commercial matters,** where there is occasion to transmit a judicial or extrajudicial document for service abroad." Art. 1. **The Convention provides for three principal forms of service: (a) through the receiving country's central authority, Arts. 2–7; (2) through various**

[1] The parties met and conferred about this motion and the hearing date as shown in the Declaration of Richard A. Ergo in Support of Motion to Dismiss for Insufficiency of Service of Process Pursuant to FRCP 12(b)(5) or Alternatively to Quash Service of Summon ("Ergo Dec."). See par. 2.

> **alternative methods like consular channels, service on judicial officers, or service through "postal channels," so long as the receiving country has not objected to such methods, Arts. 8–10; and (3) through methods to which the receiving country has affirmatively agreed or authorized**, Arts. 11, 19.

(Doc. 29, p. 4.) [Emphasis added]

**B. Plaintiff Served SZ Fenda's FCC Agent And Not A "General Manager" -- Failed To Serve SZ Fenda In Compliance With The Hague Convention**

Rather than serving SZ Fenda by an authorized service method under the Hague, on August 5, 2024, Plaintiff filed a Proof of Service indicating that Cadence had served SZ Fenda "*via its designated agent for service of process, namely FCC US Agent, LLC ("FCC US Agent*")." (Doc. 46-1). Plaintiff represented to the Court that such service was:

> "*in accordance with Fed. R. Civ. Proc. §4(h)(1)(B)*", and "*pursuant to Fed. R. Civ. Proc. §4(h)(1)(A) and Cal. Code Civ. Proc. §416.10 as FCC US Agent is the "general manager" of Shenzhen Fenda and "a person authorized by the corporation to receive service of process" under California law*."

(Doc. 46.) Cadence's Proof of Service stated that Cadence had served "*Miranda Lou"* at "*3722 Illinois Avenue, Saint Charles, IL 60174*" and represented to the Court that Ms. Lou *"is authorized to accept service for FCC US Agent, LLC, Registered Agent & General Manager authorized to accept service under F.R.C.P. Rule 4 and Cal. Code Civ. Proc. 416.10*."

| Attorney or Party without Attorney: Steve Papazian (SBN 288097) PAPAZIAN IP LAW, APC 325 N. Larchmont Blvd Suite 172 Los Angeles, CA 90004 Telephone No: 562-522-4086 | | | | For Court Use Only |
|---|---|---|---|---|
| Attorney For: Plaintiff | | Ref. No. or File No.: CADENCE | | |
| Insert name of Court, and Judicial District and Branch Court: IN THE UNITED STATES DISTRICT COURT THE NORTHERN DISTRICT OF CALIFORNIA | | | | |
| Plaintiff: CADENCE DESIGN SYSTEMS, INC., Defendant: FENDA USA, INC., ET AL., | | | | |
| PROOF OF SERVICE | Hearing Date: | Time: | Dept/Div: | Case Number: 3:23-cv-05916-RFL |

1. *At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the Summons in a Civil Action; First Amended Complaint; Report on the Filing or Determination of an Action Or Appeal Regarding a Copyright; Standing Order For All Judges Of The Northern District of California; Civil Cover Sheet; ECF Registration Information; Instructions Preparing The Case Management Statement; Plaintiff Cadence Design Systems, Inc.'s Certification Of Conflicts And Interested Entities Or Persons Under Fed. R. Civ. P. 7.1 And Civ. L.R. 3-15; Preparing the Case Management Statement

3. a. *Party served:* SHENZHEN FENDA TECHNOLOGY Co., Ltd
   b. *Person served:* Miranda Lou, authorized to accept service for FCC US Agent, LLC, Registered Agent & General Manager authorized to accept served under F.R.C.P. Rule 4 and Cal. Code Civ. Proc. § 416.10."

4. *Address where the party was served:* 3722 Illinois Avenue, Saint Charles, IL 60174

However, Cadence's representations to the Court are untrue. Ms. Lou is not an employee of SZ Fenda or any companies affiliated with SZ Fenda. (Declaration of Yuduo Hu ("Hu Dec., " par. 6) Neither is she a "General Manager" for SZ Fenda. (Hu Dec., par. 6) Ms. Lou works for FCC US Agent, LLC – a company that SZ Fenda designated to "accept service of process on its behalf for FCC correspondence only." (Declaration of Zhonghua Chen ("Chen Dec.") par. 7) The location of service: "3722 Illinois Avenue, Saint Charles, IL 60174" is not an address for SZ Fenda. (Chen Dec., par. 7)

**1. The Scope of FCC Designated Agent Is Limited To FCC Matters**

The FCC amended its Equipment Authorization Program in 2023 and requires for any application for FCC certification to designate a U.S.-based agent to accept service process and request for information from the FCC for that particular equipment. ( Chen Dec., par. 2. *See* FCC Designated Agent webpage: https://fccusagent.com/fcc_designated_agent/.) As FCC indicated:

      > "[t]he rule that changed is that all applicants applying for equipment certification of their device for use in the USA **are required to designate an agent located in USA whose purpose is to accept service of process on behalf of the applicant**/grantee **for each new equipment authorization which is granted.**"

*See* FCC webpage: https://fccusagent.com/fcc_designated_agent/. [Emphasis added]

As an example, in its application for its wireless party speaker (FCC ID: "HBOPA2323), SZ Fenda designated Tim Payne of FCC US Agent, LLC, as its FCC agent to accept service for this product. (Chen Dec., par. 3, Ex. 1) In this designation, FCC US Agent, LLC accepted the obligation for accepting service "for FCC ID: HBOPA2323."



[SHENZHEN FENDA TECHNOLOGY CO., LTD.]
[Fenda Hi-Tech Park, Zhoushi Road, Shiyan Town, Baoan District]
[Shenzhen City, Guangdong]
[China]]

Date: December 27, 2023

Federal Communications Commission
Authorization and Evaluation Division
7435 Oakland Mills Road
Columbia, MD 21046

FCC ID: HBOPA2323

## US Agent – Attestation Statement / Part 2.911(d)(7)

[SHENZHEN FENDA TECHNOLOGY CO., LTD.] certifies, that as of [December 27, 2023], we have designated FCC US Agent, LLC to accept service of process on our behalf for FCC ID: HBOPA2323

[SHENZHEN FENDA TECHNOLOGY CO., LTD.], accepts to maintain an agent of service of process in the United States for no less than one year after either the grantee has permanently terminated all marketing and importation of the applicable equipment within the U.S., or the conclusion of any Commission-related administrative or judicial proceeding involving the equipment, whichever is later.

FCC US Agent, LLC, accepts as of the date of the filing of this application, the obligation of being the designated agent for the purpose of accepting service of process on behalf of [SHENZHEN FENDA TECHNOLOGY CO., LTD.] for FCC ID: HBOPA2323

**Designated Agent Information:**
Company Name: FCC US Agent, LLC
FRN: 0033402884
Address: 3722 Illinois Avenue, Saint Charles, IL, 60174, USA
Contact Person: Tim Payne
Phone: 708-571-3148
Email: Support@FCCUSAgent.com

Sincerely,

Company: [SHENZHEN FENDA TECHNOLOGY CO., LTD.]
FRN: 0021744982
Company Representative: [frank Chenzhonghua]
Tel: +86-0755-27486668
Email: frank.chenzhonghua@fenda.com
Signature: Frank

Designated Agent: FCC US Agent, LLC
Designated Agent Representative: Tim Payne
Signature: Tim Payne

For a different product (FCC ID: HBO-RW10), retro Bluetooth speaker, SZ Fenda chose a different agent, Sun Beyond Consulting LTD, for that particular product. (Chen Dec. par. 5, Ex. 2)

//

//

//

//



**U.S. Agent Designation for Service of Process**
**(Applicant and U.S. Agent are Separate Parties)**

**TO:** Federal Communications Commission
Authorization and Evaluation Division
7435 Oakland Mills Road
Columbia, MD 21046, USA

**ATTENTION: FCC Certification – Section 2.911(d)(7) Information**

**Designated U.S. Agent**
Company Name: SUN BEYOND CONSULTING LTD
FRN: 0033598426
Contact Name: Wenchao Xiang
Street Address: OFFICE NO.448, 4TH FLOOR, 90 CANAL STREET
City/Province/Zip: BOSTON, MA 02114
Telephone No: (151) 287-9145
Email: 582643537@qq.com
This letter is to confirm that we ("the Designated U.S. Agent) have accepted the responsibility to act as the Designated U.S. Agent for Service of Process as required by section 47 CFR 2.911(d)(7) on behalf of the **Applicant** noted below.

**U.S. Agent Signature:** Wenchao Xiang

**Date: 2024/9/11**

**Signed by (Printed Name/Title):**

---

The Applicant acknowledges that they must maintain an agent for no less than one year after terminating all marketing and importation OR the conclusion of any Commission-related proceeding involving the equipment. The applicant further acknowledges their responsibility to inform the FCC whenever the Designated U.S. Agent information above changes.

**Applicant Information**：
**Company Name: SHENZHEN FENDA TECHNOLOGY CO., LTD.**
**Address: Fenda Hi-Tech Park, Zhoushi Road, Shiyan Town, Baoan District, Shenzhen City, Guangdong, China**
**Contact Name: frank Chenzhonghua**
**FCC ID: HBO-RW10**
**FRN: 0021744982**
**Telephone No: +86-0755-27486668**
**Email: frank.chenzhonghua@fenda.com**
**Applicant Signature:** frank Chenzhonghua

**Date: 2024/10/16**

**Signed by (Printed Name/Title):** frank Chenzhonghua / Manager

Underscoring the limitations of an FCC agent's authority is the fact that not all SZ Fenda products require designation of an FCC agent. SZ Fenda has multiple product divisions, including, but not limited to, the hair appliance division and the audio division. Declaration of Li Lin ("Lin Dec."), par. 1, 3; Declaration of Jihua Li ("Li Dec."), pars. 1, 3, 4. Cadence has served subpoenas on SZ Fenda U.S. customers for audio and hair appliance products in the U.S., presumably pursuant to this Court's order permitting discovery limited to damages allegedly incurred by Cadence. (Doc. 52.) Lin Dec., par. 4; Li Dec., par. 5.[2] Ergo Dec., par. 6. However, while the audio division sells products (speakers) that require FCC certifications and designations of agents, the hair appliance products do not require FCC certifications or designation of FCC agents for service of process. Chen Dec.. pars. 1 through 3, 9. Again, this is consistent with the very limited role of FCC agents for service, as opposed to the traditional agents for service of process authorized to accept service of any and all legal documents.

**2. Based On Plaintiff's Representation That It Had Served SZ Fenda's Agent For Service And "General Manager" ~ The Clerk Entered Default**

On September 9, 2024, Cadence requested for clerk's entry of default against SZ Fenda by representing to the Court that "*Cadence served Shenzhen Fenda via its designated agent for service of process and general manager in accordance with Fed. R. Civ. P. 4(h)(1)(B), as well as Fed. R. Civ. P. 4(h)(1)(A) and Cal. Civ. Proc. Code 416.10.*" (Doc. 48). Based on Cadence's representation to the Court, on October 1, 2024, the Clerk entered default against SZ Fenda. (Doc. 49).

[2] Mr. Li and Mr. Lin have also determined that Cadence software was not used in the design of the audio and hair appliance products sold to the customers referenced in their declarations. Li Dec., par. 5; Lin Dec., par. 4.

## III. LAW

### A. Legal Standard

FRCP Rule 12(b)(5) authorizes a defendant to move for dismissal resulting from insufficiency of service of process. *Fed. R. Civ. P. **12(b)(5)***. When a defendant challenges service, the plaintiff bears the burden of establishing the validity of service as governed by *Rule 4*. *See Brockmeyer v. May, 383 F.3d 798, 801 (9th. Cir. 2004)*; *SVC-Napa, L.P. vs. Strategy Resort Fin., Inc.*, 2006 U.S. Dist. LEXIS 60821, *4-5 (ND Cal. Aug. 15, 2006). If plaintiff is unable to satisfy its burden of demonstrating effective service, the Court has broad discretion to either dismiss or retain the action." *Id.* When retaining the action, the Court quashes the service that has ineffectively been made on the defendant, while providing the plaintiff the opportunity to serve the defendant again effectively." *Id; See Also Stevens v. Security Pacific Nat'l Bank, 538 F.2d 1387, 1389 (9th. Cir. 1976)*.

#### 1. Service Without Complying With Hague Convention Was Insufficient

Service pursuant to the Hague Convention is mandatory when serving a foreign defendant in a signatory country to the Hague Convention. *Volkswagenwerk Aktiengesellschaft v. Schlunk, 486 U.S. 694, 699, 705, 108 S. Ct. 2104, 100 L. Ed. 2d 722 (1988)*. Both "the United States and China are [] signatories of the Hague Convention," so the Hague Convention applies. *CSPC Dophen Corp. v. Zhixiang Hu, No. 217CV1895MCEDBPS, 2018 U.S. Dist. LEXIS 200697, 2018 WL 6184617, at *11 (E.D. Cal. Nov. 27, 2018)*; The Hague Service Convention prohibits service through methods not enumerated in its articles. As this Court had previously instructed:

> **[t]he structure of the Hague Service Convention also supports the view that the listed methods are the exclusive means by which signatories may effect service on defendants on foreign soil.** It is difficult to understand why the Hague Service Convention would specifically enumerate the authorized methods of service, and the situations in which alternate service could be permitted, if the signatory countries were free to simply authorize additional alternate methods under their local laws at will.

(Doc. 29, pp. 4-5, emphasis added.) This Court relied on the U.S. Supreme Court's guidance in *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694 (1988) and noted:

> the [U.S. Supreme] Court was clear that **if the documents had to be sent abroad, service through alternative means would be unacceptable, no matter how effective those alternative means might be at providing notice to the party**… *Id.* at 699; *see also Water Splash, Inc. v. Menon,* 581 U.S. 271, 273 (2017) **("[T]he Hague Service Convention specifies certain approved methods of service and pre-empts inconsistent methods of service wherever it applies.**").

(Doc. 29, p. 5, emphasis added.) The Court also referenced the Advisory Committee's Notes to the FRCP:

> "likewise **confirm that the Convention delineates the exclusive means by which service of documents may occur in the signatory countries. 'Use of the Convention procedures, when available, is mandatory if documents must be transmitted abroad to effect service**.' *See* Advisory Committee's Notes to 1993 Amendment of Rule 4."

(Doc. 29, p. 5, emphasis added.) Accordingly, this Court held:

> **the [Hague]Convention requires service through a "central authority" to ensure that service occurs "in the manner prescribed by the internal law of the receiving state**." *Volkswagenwerk Aktiengesellschaft*, 486 U.S. at 698. If each signatory country could authorize alternate methods of service that were unfamiliar to foreign defendants and had not been agreed upon by their receiving countries, the core purpose of the treaty would be undermined. China, for example, could authorize methods of serving American defendants that would be unfamiliar in this country and would be unlikely to give American defendants notice of the claims against them…**The Convention sought to mitigate against that danger by requiring service abroad in a manner compliant with local law**. *Id.* Allowing each signatory to authorize new and unfamiliar methods of service not agreed upon in the Convention and not compliant with local law would defeat that purpose.

(Doc. 29, pp. 5-6, emphasis added.)

**2. Service On FCC Agent Fails To Comply With Hague And Is Insufficient**

47 CFR §2.911 sets forth the FCC Certification Application Requirements and makes clear the scope of an FCC Designated Agent is limited to accepting service of process for FCC matters related to the specific "equipment" for which FCC certification is being applied:

(7) The applicant shall designate an agent located in the United States for the purpose of accepting service of process on behalf of the applicant.

(i) The applicant shall provide a written certification:

       (A) Signed by both the applicant and its designated agent for service of process, if different from the applicant;

(B) **Acknowledging the applicant's consent and the designated agent's obligation to accept service of process in the United States for matters related to the applicable equipment,** and at the physical U.S. address and email address of its designated agent; and

(C) **Acknowledging the applicant's acceptance of its obligation to maintain an agent for service of process in the United States for no less than one year after either the grantee has permanently terminated all marketing and importation of the applicable equipment within the U.S.,** or the conclusion of any Commission-related administrative or judicial proceeding involving the equipment, whichever is later.

47 CFR §2.911(d)(7)(i). (Emphasis added.)

FCC's rule-making statement also makes clear the limited scope of a Designated Agent:

Service of process includes, but is not limited to, delivery of any correspondence, notices, orders, decisions, and requirements of administrative, legal, or judicial process **related to Commission proceedings**.

*In re FCC Amends Equipment Authorization Program, 37 FCC Rcd 13493; 13520.*[3] (Emphasis added.)

The "Commission proceedings" referred to "legal or judicial proceedings extend to any proceedings needed to enforce a Commission order." *In re FCC Amends Equipment Authorization Program, supra (footnote 177).* Accordingly, an FCC Designated Agent does not have authority to accept service outside of FCC matters specific to the product for which the agent was designated.

**3. Plaintiff's Service Of Process Did Not Comply With FRCP or CCP As It Had Represented To Court**

Plaintiff's Proof of Service represented that it had served SZ Fenda "*via its designated agent for service of process, namely FCC US Agent, LLC ("FCC US Agent*")" and that such service was:

[3] A copy of page 1 and the cited page of "In re FCC" is attached to the Ergo Dec. as Exhibit 3.

14

NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR INSUFFICIENCY OF SERVICE OF PROCESS PURSUANT TO FRCP 12(B)(5) OR ALTERNATIVELY, MOTION TO QUASH SERVICE OF SUMMONS- Case No. 3:23-cv-05916-RFL

> "*in accordance with Fed. R. Civ. Proc. §4(h)(1)(B)*", and "*pursuant to Fed. R. Civ. Proc. §4(h)(1)(A) and Cal. Code Civ. Proc. §416.10 as FCC US Agent is the "general manager" of Shenzhen Fenda and "a person authorized by the corporation to receive service of process" under California law*."

(Doc. 46.) However, this is untrue.

First, FRCP Rule 4(h)(1)(A) &(B) provide in pertinent part:

> (h) Serving a Corporation, Partnership, or Association. Unless federal law provides otherwise or the defendant's waiver has been filed,…foreign corporation,… must be served:
>
> (1) in a judicial district of the United States:
>
> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant;…

However, FCC US Agent was not authorized to accept service of process for a summons and complaint in a lawsuit "in civil or commercial matters" – which is specifically governed by the Hague Service Convention. Rather, its authorization was "to accept service of process in the United States for matters related to the applicable equipment" for which FCC certification was being sought. 47 CFR §2.911(7)(i)(B). Accordingly, Cadence has failed to serve SZ Fenda pursuant to FRCP Rule 4(h)(1)(A) &(B).

The applicable FRCP service rule for SZ Fenda, a company in a foreign country, is Rule 4(f), as this Court had previous instructed:

> **(f) Serving an Individual in a Foreign Country.** Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—**may be served at a place not within any judicial district of the United States:**
>
> **(1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents**;…
>
> or
>
> **(3)** by other means not prohibited by international agreement, as the court orders.

This, Cadence, has failed to comply.

Cadence's service also failed to comply with CCP 416.10, which provides in pertinent part:

**§ 416.10. Service on corporation**

A summons may be served on a corporation by delivering a copy of the summons and the complaint by any of the following methods:

**(a) To the person designated as agent for service of process as provided by any provision in Section *202*, *1502*, *2105*, or *2107 of the Corporations Code*** (or Sections 3301 to 3303, inclusive, or Sections 6500 to 6504, inclusive, of the Corporations Code, as in effect on December 31, 1976, with respect to corporations to which they remain applicable).

**(b)** To the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a **general manager**, or a person authorized by the corporation to receive service of process.

Cadence claims to have served SZ Fenda's "General Manager." However, Ms. Lou is neither an employee of SZ Fenda nor its "General Manager." Hu Dec., par. 6, Chen Dec., par. 7.) Furthermore, SZ Fenda has not designated anyone, let alone Ms. Lou, or FCC US Agent, as agent for service of process under any of the following Sections of the California Corporations Code ("Cal. Corp. Code"), 202, 1502, 2105, or 2107. (Hu Dec., par. 3.) SZ Fenda is not a California corporation and not governed by Cal. Corp. Code. Ca Corp. Code Section 202 governs "Contents of articles of incorporation and subsection c provides: the article of incorporation shall set forth:

**(c)** The name and street address in this state of the corporation's initial agent for service of process in accordance with subdivision (b) of *Section 1502*.

SZ Fenda does not have a California article of incorporation designating Ms. Lou, or anyone else, as its service agent. (Hu Dec., par. 3.)

Similarly, Cal. Corp. Code Section 1502 governs "Annual statements" that California corporation must file and designate:

> “the agent of the corporation for the purpose of service of process, a natural person residing in this state or a corporation that has complied with Section 1505 and whose capacity to act as an agent has not terminated. If a natural person is designated, the statement shall set forth that person’s complete business or residence street address. If a corporate agent is designated, no address for it shall be set.”

*Cal Corp Code § 1502*(b). SZ Fenda has not filed a corporate annual statement in California. (Hu Dec.. par. 3.) The service address was also not in California.

Cal. Corp. Code Sections 2105 and 2107 govern qualification of foreign corporation to transact business in this state and the necessary certification for qualification which requires designation of “an agent upon whom process directed to the corporation may be served within this state.” Cal Corp Code § 2105(6). SZ Fenda has not applied to transact business in California and thus, has not designated any agent for service of process in California. (Hu Dec., par. 3.)

In *Warner Brothers Records, Inc. v. Golden West Music Sales, 36 Cal. App. 3d 1012, 112 Cal. Rptr. 71 (1974)*, the plaintiff's attempted to serve corporate defendants by handing copies of the summons and complaint to an attorney who allegedly was the corporation's "agent." The corporations successfully moved to quash service on the ground that the attorney was not authorized to accept service under Code of Civil Procedure *§ 416*, and the appellate court affirmed. *Id. at 1016*. Moreover, "[a]gents are not fungible. A person who is authorized to perform one function on behalf of a principal may have no authority at all regarding a different function." *Dill vs. Berquist Construction Co*., 24 Cal App. 4th 1426, 1438 (1994) ("even assuming that [the person served] is an agent of [defendant corporation], there is no evidence that [she] is authorized to accept service of process, as required by *section 416.10*.")

Here, just as in *Warner Brothers*, the individual served by Cadence is not authorized to accept service under *§ 416*. Accordingly, Cadence’s service of process is insufficient and must be quashed.

## IV. SZ FENDA SHOULD BE DISMISSED ~ PLAINTIFF HAS NOT ATTEMPTED PROPER SERVICE UNDER THE HAGUE FOR OVER A YEAR

Because SZ Fenda was not properly served, the court should dismiss this case for plaintiff’s failure to effectuate timely service. "*Federal Rule of Civil Procedure 12(b)(5)* authorizes a defendant

to move for dismissal due to insufficient service of process." If the plaintiff is unable to satisfy its burden of demonstrating effective service, the court has discretion to either dismiss the action or retain it, in order to provide plaintiff with the opportunity to properly serve the defendant. See *Stevens v. Sec. Pac. Nat'l Bank, 538 F.2d 1387, 1389 (9th Cir. 1976)*.

Although Rule 4(f) " does not impose any specific time limits" for service in a foreign country, a plaintiff's time to serve a defendant residing in a foreign country is not unlimited and a court may dismiss a defendant if plaintiff does not pursue service in a "diligent fashion." *Dominguez v. Osorio, No. CV 16-689 PSG (GJSX), 2018 U.S. Dist. LEXIS 224742, 2018 WL 7458522, at *12 (C.D. Cal. Oct. 18, 2018)* (collecting cases). Cadence initiated this case in November 2023. However, as this Court noted, as of May 21, 2024, Cadence had not submitted evidence of any attempt to serve SZ Fenda via the Hague (Doc. 29, p. 2] and to date – nearly 16 months since the case was filed -- there remains no evidence of any such attempt. Thus, dismissal is well within this Court's discretion.

## V. CONCLUSION

For the foregoing reasons, SZ Fenda respectfully requests the Court to dismiss this action based on insufficiency of service of process or, in the alternative, quash service and require Cadence to properly serve SZ Fenda.

Dated: February 28, 2025

Bowles & Verna LLP

By: /s/Richard A. Ergo
Cathleen S. Huang
Richard A. Ergo
Attorneys for Defendant
Shenzhen Fenda Technology Co., Ltd.