UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CADENCE DESIGN SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> FENDA USA INC., et al., <br><br> Defendants. | Case No. 23-cv-05916-RFL <br><br> **ORDER GRANTING MOTION TO SET ASIDE DEFAULT AND MOTION, IN THE ALTERNATIVE, TO QUASH SERVICE AND DENYING MOTION FOR ALTERNATIVE SERVICE** <br><br> Re: Dkt. Nos. 60, 67, 70 |

Cadence Design Systems, Inc. ("Plaintiff") sued Defendants Fenda USA, Inc., MS 2 Inc., and Shenzhen Fenda Technology Co., Ltd. ("Shenzhen Fenda") for allegedly using Plaintiff's software without authorization. Shortly after filing its complaint, Plaintiff requested that the Court authorize alternative service on Shenzhen Fenda. The Court denied Plaintiff's requests on May 21, 2024. (Dkt. No. 29.) On July 31, 2024, Plaintiff served Shenzhen Fenda through FCC US Agent LLC ("FCC Agent")—a United States-based entity. The individual served was Miranda Lou, FCC Agent's Operations Officer. Shenzhen Fenda did not respond to the complaint, and on October 1, 2024, default was entered against the defendant. (Dkt. No. 49.) Now, Shenzhen Fenda moves to set aside the default (Dkt. No. 67) and moves to dismiss the case or, in the alternative, quash service of summons (Dkt. No. 60) for insufficient service of process. Plaintiff moves for alternative service under Federal Rule of Civil Procedure 4(f)(3). (Dkt. No. 70.) For the reasons explained below, Shenzhen Fenda's motion to set aside default and its motion, in the alternative, to quash service are **GRANTED**. Plaintiff's motion for alternative service is **DENIED**. This order assumes that the reader is familiar with the facts of the case, the applicable legal standards, and the parties' arguments.

*Motion to Set Aside Default.* As a general matter, a court must consider the adequacy of

1

service of process before evaluating the merits of a motion to set aside default.  *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) ("A federal court does not have jurisdiction over a defendant unless the defendant has been properly served under Fed. R. Civ. P. 4."); *see, e.g.*, *Johnson v. Fernandez*, No. 21-cv-04114, 2022 WL 2829883, at *3 (N.D. Cal. July 20, 2022) (denying motion for default judgment because plaintiff did not timely serve defendants); *Graham v. Cable News Network Inc.*, 21-cv-07417, 2021 WL 6333373, at *2 (C.D. Cal. Dec. 30, 2021) (granting motion to set aside default because the court lacked jurisdiction over the defendant).  Plaintiff did not properly serve Shenzhen Fenda under Federal Rule of Civil Procedure 4.  Accordingly, the motion to set aside default is granted.

A foreign corporation may be served "in a judicial district of the United States . . . by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1).  At issue here is whether FCC Agent—which Plaintiff served via its Operating Officer, Miranda Lou—can be treated as Shenzhen Fenda's general agent or an agent authorized by appointment to receive service of process for purposes of this litigation.

FCC Agent is not a general agent of Shenzhen Fenda.  Service of process "is not limited solely to officially designated officers, managing agents, or agents appointed by law," but may be made "upon a representative so integrated with the organization that [they] will know what to do with the papers."  *Evony, LLC v. Aeria Games & Ent., Inc.*, No. 11-cv-00141, 2012 WL 12843210, at *6 (N.D. Cal. Sept. 28, 2012) (quoting *Direct Mail Specialists*, 840 F.2d at 688). "A general manager under the California statute has been interpreted to include any agent of the corporation of sufficient character and rank to make it reasonably certain that the defendant will be apprised of the service made."  *Khachatryan v. Toyota Motor Sales, U.S.A., Inc.*, 578 F. Supp. 2d 1224, 1226 (C.D. Cal. 2008) (internal quotations and citations omitted); *see also id.* (explaining that "a general manager need not be an individual," but can be a corporation as well). Plaintiff has offered no evidence that FCC Agent's operations are at all integrated with the operations of Shenzhen Fenda, nor has Plaintiff demonstrated that Lou is of sufficiently high

2

rank within Shenzhen Fenda that it would be reasonably certain that the company would receive notice that service was made.

Nor can FCC Agent be treated as a designated corporate agent of service of process on behalf of Shenzhen Fenda for purposes of this litigation. "Authority to accept process must either be express or implied from the type of relationship between defendant and the alleged agent." *Evony*, 2012 WL 12843210, at *8 (citing *United States v. Ziegler Bolt & Parts Co.*, 111 F.3d 878, 881 (Fed. Cir. 1997)). In 2023, the Federal Communications Commission ("FCC") amended its Equipment Authorization Program to require that "all applicants applying for equipment certification of their device for use in the USA are required to designate an agent located in the USA whose purpose is to accept service of process on behalf of the applicant/grantee for each new equipment authorization which is granted." (Dkt. No. 60 at 8 (quoting FCC Agent's website summarizing FCC's amended requirements).). Based on this amendment, Shenzhen Fenda designated FCC Agent as its United States-based corporate agent for accepting process as to certain equipment certification applications, in addition to designating an individual person at FCC Agent as the person of contact for each of those applications. One designation of FCC Agent provided, for example: "Shenzhen Fenda Technology Co., Ltd. certifies, that as of December 27, 2023, we have designated FCC US Agent, LLC to accept service of process on our behalf for [an FCC equipment application associated with] FCC ID: HBOPA2323." (Dkt. No. 65-1, Exh. 1 ("Chen Decl.") at 2.) Shenzhen Fenda made a specific designation with respect to each FCC certification application that it filed for each piece of equipment. This limited authority does not expressly or impliedly authorize FCC Agent to accept service of process for matters unrelated to FCC equipment certification applications.

For the same reasons, Cadence has not shown that Shenzhen Fenda designated FCC Agent as a general agent for service of process. The designation indicates only Shenzhen Fenda's intent to authorize FCC Agent to accept service of process with respect to the specific equipment at issue. *Cf. Evony*, 2012 WL 12843210, at *8 (explaining that, in the attorney-client context, "[i]f the authority to accept service of process is to be implied, it must be implied from

3

all circumstances accompanying the attorney's appointment, which indicate the *extent of authority* the client *intended* to confer" (emphasis added)).

Plaintiff's service of process against Shenzhen Fenda was insufficient. Accordingly, the motion to set aside default is granted because the Court does not possess jurisdiction over Shenzhen Fenda at this time.

*Motion to Dismiss.* Under Federal Rule of Civil Procedure 12(b)(5), a defendant may move for dismissal of a complaint where there is insufficiency of service of process. Federal Rule of Civil Procedure 4 governs the manner in which process must be served. If a plaintiff is unable to satisfy their burden of demonstrating effective service, the court has discretion to either dismiss the case or retain the action and quash service. As previously described, Plaintiff cannot satisfy its burden of demonstrating effective service. The Court exercises its discretion to retain the action to allow for adjudication of the dispute on the merits. Accordingly, service is quashed, and Plaintiff is directed to re-serve Shenzhen Fenda by proper methods.

*Motion for Alternative Service.* Finally, Plaintiff moves for alternative service pursuant to Federal Rule of Civil Procedure 4(f)(3) to authorize email service on Shenzhen Fenda's United States-based counsel of record, Cathleen Huang and Richard Ergo, from the Bowles & Verna LLP law firm. Under Ninth Circuit precedent, "service of process under Rule 4(f)(3) is neither a last resort nor extraordinary relief," but instead is "merely one means among several which enables service of process on an international defendant." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1013-15 (9th Cir. 2002) (rejecting the argument that Rule 4(f) "should be read to create a hierarchy of preferred methods of service of process"). However, a plaintiff must still "demonstrate that the facts and circumstances of the present case necessitated the district court's intervention." *Id.* at 1016.

Plaintiff has failed to do so here. While a plaintiff "need not have attempted every permissible means of service of process before petitioning the court for alternative relief," *id.*, the facts of this case counsel against authorizing such relief at this juncture. Shenzhen Fenda's United-States based counsel was retained to move to set aside the default entered against it and

4

to dismiss the case—on the grounds that service of process was insufficient. To now authorize alternative service on counsel, who only appeared to argue that prior service was insufficient, would create a perverse incentive for plaintiffs to serve a defendant by improper means in order to force them to appear through counsel, who could then serve as the recipient of alternative service. Though Plaintiff argues that Shenzhen Fenda has evaded service, the record does not support that conclusion. Instead, Shenzhen Fenda appears to be standing on its right to receive service as provided in the Hague Service Convention, as it is entitled to do, and as American companies would be entitled to do when foreign litigants attempt to hale them into foreign jurisdictions without being properly served. To treat standing on one's rights under the Hague Service Convention as evasion of service would create a loophole that would potentially eviscerate the treaty's requirements. *Cf. Facebook, Inc. v. 9 Xiu Network (Shenzhen) Technology Co., Ltd.*, 480 F. Supp. 3d, 985-86 (N.D. Cal. 2020). As such, the request for alternative service is denied.

The Hague Service Convention provides for exceptions to its service requirements when the document was transmitted through authorized means but service has not been certified six months later, or in cases of "urgency." *See* Art. 15. The denial of the motion for alternative service is without prejudice to its renewal upon a showing that those exceptions apply.

*Conclusion.* For the foregoing reasons, Shenzhen Fenda's motion to set aside default and its motion, in the alternative, to quash service are granted. Plaintiff's motion for alternative service is denied. Accordingly, Plaintiff is ordered to file an update regarding its attempt to serve Shenzhen Fenda under the Hague Service Convention by **July 11, 2025**.

**IT IS SO ORDERED.**

Dated: May 12, 2025

RITA F. LIN
United States District Judge