May 5, 2026

**Hon. Alex G. Tse**

Re: *Cadence Design Systems, Inc. v. Fenda USA, Inc., et al.*, Case No. 23-cv-05916-RFL (AGT) – Cadence's Motion to Compel

Dear Judge Tse:

Pursuant to Your Honor's Standing Order, Section VII.B, Plaintiff Cadence Design Systems, Inc. ("Cadence") and Defendant Shenzhen Fenda ("SZ Fenda") submit this joint letter on Cadence's Motion to Compel compliance with Cadence's (1) Requests for Inspection Nos. 1-3, (2) Interrogatory Nos. 1-8, 12, and (3) RFP Nos. 1-25 ("Requests at Issue").

## I. Plaintiff's Position

**Introduction**. This action arises from SZ Fenda's large-scale piracy of Cadence's valuable software products, involving tens of millions of dollars of pirated software on hundreds of computers. Cadence offers electronic designation automation software and tools used by leading electronics manufacturers around the world. Like other software companies, Cadence has a "phone-home" system integrated into its software that can help detect pirated use and report back certain details about the offending computer. Based on SZ Fenda's piracy, Cadence has asserted claims of copyright infringement, circumvention under Section 1201 of the Copyright Act, and breach of several clickwrap agreements formed when SZ Fenda installed Cadence Software.

On January 28, 2026, Cadence served the Requests at Issue, seeking important discovery underlying SZ Fenda's use of Cadence Software, details on SZ Fenda's computers and networks, and more. Cadence twice extended SZ Fenda's deadline for responding, so that its counsel could travel to Shenzhen and gather documents and information. Unfortunately, SZ Fenda responded on March 31, 2026 with virtually nothing but objections, refusing to substantively answer more than one interrogatory or produce a single document or computer for inspection.

Meanwhile, at the February 18, 2026 CMC, Judge Lin ordered SZ Fenda to make its computers available for inspection by March 27—a deadline that was later extended to April 27. (Dkt. No. 100). If the parties were unable to agree on the details of the inspection (*e.g.*, the location of inspection, category of computers, etc.), SZ Fenda was required to raise the issue with this Court by April 27, 2026. (*Id.* at 3). Yet SZ Fenda neither produced the computers for inspection nor briefed its objections. Instead, it filed an ex parte application seeking extension of its deadline, which Judge Lin denied. (*See* Dkt. No. 104). SZ Fenda now sits in non-compliance with that Order.

Even so, SZ Fenda has refused to make its computers available for forensic inspection or supplement any of its other discovery responses. The parties have met and conferred extensively to no avail (*see* Dkt. No. 103-1 ¶¶ 2-11), and their dispute is ripe for court intervention. SZ Fenda should be compelled to comply with the Requests at Issue forthwith.

**The Court Should Compel Production of Documents**. Cadence's 25 RFPs seek documents relating to SZ Fenda's computers, corporate relationships, use of Cadence Software and other critical issues. (Ex. 1). SZ Fenda has not disputed that the Requests seek relevant information. Yet it has not produced a single document or agreed to any timetable for doing so.

*See* FRCP 34(b)(2)(B) (production must be completed by time responses are due "or another reasonable time specified in the response"). The parties held multiple discussions, including a lead-counsel conference on April 22, where SZ Fenda stood on a single objection—namely, that SZ Fenda lacks possession, custody, or control ("PCC") over its subsidiaries' documents. Notably, SZ Fenda has failed to produce even the documents that it acknowledges are its own possession.

The PCC objection is also without merit. SZ Fenda has not even identified the "subsidiary" that supposedly has possession of these documents, nor has it offered any explanation as to why the documents are outside SZ Fenda's control. *Bryant v. Serv. Corp. Int'l*, No. C 08-01190 SI, 2010 WL 2231869, at *1 (N.D. Cal. June 1, 2010) (requiring party to disclose affiliates over which it allegedly lacks control). It is well-established that evidence in the possession of a subsidiary is categorically in the ***control*** of its parent corporation (here, SZ Fenda). *United States v. Int'l Union of Petroleum & Indus. Workers, AFL-CIO*, 870 F.2d 1450, 1452 (9th Cir. 1989); *Cryptography Rsch., Inc. v. Visa Int'l Serv. Ass'n*, No. C04-04143 JW (HRL), 2005 WL 8162416, at *1 (N.D. Cal. Aug. 4, 2005) (control can be shown "through a parent/subsidiary corporate relationship").

Even now, SZ Fenda fails to substantiate any objection. Instead, it suggests it "intends to submit a declaration," but does not enclose it here. Nor has SZ Fenda otherwise supplied such a declaration to Cadence (or explained what information the declaration would contain). The Court should reject these hide-the-ball tactics and order full production forthwith.

**The Court Should Compel Full Answers to Interrogatories**. Interrogatories 1-8 and 12 seek information on SZ Fenda's computers (including those identified through the "phone-home" system), users thereof, installation of Cadence software, the acceptance of the clickwrap agreements, Fenda's IP addresses, Fenda's networks, and similar information. (Ex. 3). Setting aside Rog 1, no other responsive information was provided in response to the other interrogatories.

Even for Rog 1, SZ Fenda failed to scratch the surface. Rog 1 seeks information on all "Fenda Computers," which includes those belonging to SZ Fenda, its subsidiaries, and their current/former employees (to the extent they were used for work), including the computers' MAC and IP addresses, type, brand, model, operating system, and physical location. (Ex. 3 at 1, 3). In response, SZ Fenda identified eleven computers that presently have Cadence Software. (Ex. 4 at at 2). Withheld from this list are (i) computers on which SZ Fenda deleted Cadence Software and (ii) responsive computers that are supposedly owned by SZ Fenda's subsidiaries and employees. For context, Cadence identified over 200 computers on SZ Fenda's network that used pirated Cadence Software. Further, even as to the eleven computers, SZ Fenda failed to disclose important information, such as the computer type, brand, model, and operating system. (*Id.*).

As to the other rogs, SZ Fenda provided nothing but objections. In the parties' lead-counsel conference, SZ Fenda again stood on its PCC objection regarding its alleged lack of control over its subsidiaries. That objection should be rejected for the same reasons noted above—SZ Fenda must disclose all responsive information reasonably available to SZ Fenda—including as to computers where Cadence Software has been deleted and regardless of whether the offending computer is owned by SZ Fenda or one of its subsidiaries. *See* Fed. R. Civ. P. 33(b)(1)(B) (must furnish all "information available to the party"); *Abante Rooter & Plumbing, Inc. v. Total Merch. Servs., LLC*, No. 19CV05711EMCTSH, 2020 WL 4036386, at *1 (N.D. Cal. July 17, 2020) (information available to sub is available to parent). The Court should order full responses.

May 5, 2026

**The Court Should Order Inspections to Proceed Forthwith in California as Noticed**. Cadence served three RFIs seeking inspection of specified computers to occur at the offices of Plaintiff's counsel in California. (Ex. 5). Judge Lin initially ordered the inspections to occur by March 27, which was extended by stipulated order to April 27. (2/18/26 CMC Tr. at 7-8; Dkt. No. 100). Judge Lin directed the parties to confer on a location for the inspection (Dkt. No. 100 ¶ 2), and, to the extent they could not agree, set an April 27 deadline for SZ Fenda to raise any challenges with this Court. (*Id.* ¶ 3). SZ Fenda neither produced the computers nor presented any challenges by its deadline. Instead, SZ Fenda sought a last-minute extension, which Judge Lin denied. (Dkt. No. 104). Thus, the time for SZ Fenda to challenge the RFIs has expired and SZ Fenda is now in violation of the Court's order. (Dkt. No. 100 at 3).

Accordingly, the Court should order that the requested inspections take place in Los Angeles, as set forth in the notice. (Ex. 5 at 7). Indeed, in another case involving piracy of Cadence software, Magistrate Judge Spero ordered inspection of computers from China to occur in the U.S. *Cadence Design Sys., Inc. v. Syntronic AB*, 2022 WL 2290593, at *6 (N.D. Cal. June 24, 2022). Judge Illston affirmed that decision. *See Cadence Design Sys., Inc. v. Syntronic AB*, No. 21-CV-03610-SI, 2022 WL 4180458, at *1 (N.D. Cal. Sept. 12, 2022). The Court should order inspections of all requested computers in California forthwith.

Despite the expiration of the deadline for SZ Fenda to challenge these procedures—and despite the Court's denial of SZ Fenda's ex parte application seeking an extension—SZ Fenda suggests (below) that it will file declarations on its Chinese-law and PCC objections. But even if they were timely raised, those objections are without merit. As to the PCC objection, the Court should reject that objection here for the same reasons as above—it is both meritless and not substantiated.

SZ Fenda also fails to substantiate objections based on Chinese law, despite having the burden. *Intex Recreation Corp. v. Bestway (USA), Inc.*, 2023 WL 11964260, at *2 (C.D. Cal. Oct. 30, 2023) (party invoking foreign law bears burden). Courts often reject SZ Fenda's contention that Chinese law bars discovery. For example, courts hold that Article 36 of the Data Security Law ("DSL"), Article 41 of the Personal Information Protection Law ("PIPL"), and Article 294 of the Civil Procedure Law of China—all cited below—only apply when a party provides evidence or personal information to "***foreign judicial or law enforcement authorities***," which does not include producing discovery. *Intex*, 2023 WL 11964260 at *3-4; *In re Valsartan, Losartan, and Irbesatran Prods. Liab. Litig.*, 2021 WL 6010575, at *10 (D.N.J. Dec. 20, 2021); *Philips Med. Sys. (Cleveland), Inc. v. Buan*, 2022 WL 602485, at *6 (N.D. Ill. March 1, 2022). Moreover, Article 39 of the PIPL does not bar discovery or require individual consent before discovery can be provided in U.S. court proceedings. *See Syntronic*, 2022 WL 2290593 at *5; *Owen v. Elastos Found.*, 343 F.R.D. 268, 286 (S.D.N.Y. 2023).

Invoking a clear minority position, SZ Fenda cites *In re DiDi Glob. Inc. Sec. Litig.* for the proposition that the DSL somehow applies here. But the *Didi* court did not explain the reasoning underlying its application of the DSL to federal court discovery. No. 21-CV-5807 (LAK), 2025 WL 896053, at *2 (S.D.N.Y. Mar. 24, 2025). Further, contrary to SZ Fenda's suggestion below, the court in *Concepts NREC, LLC v. Qiu* did not present an opposing view—rather, the court merely held that the application of the DSL to the court-ordered discovery was "unclear" but ultimately held that the DSL did ***not*** bar the discovery. 662 F. Supp. 3d 496, 528 (D. Vt. 2023).

Nor do SZ Fenda's complaints about an inspection protocol justify its failure to produce the computers. There was no "inspection protocol" when the court ordered inspection in the *Syntronic* case. SZ Fenda cites no authority requiring Cadence to produce a protocol before inspections can occur. Once SZ Fenda identifies the computers available for inspection, the parties can discuss how the inspection will be conducted. The Court should order inspection forthwith.

## II. SZ Fenda's Position

Cadence contends SZ Fenda has waived its objections. In fact, SZ Fenda timely asserted its objections in its responses to all three discovery requests. See ex. 2, 4 and 6. While SZ Fenda did not file this discovery dispute on April 27, 2026, on April 24, 2026, it filed an ex parte application to continue the discovery dispute deadline to May 13, 2026. DKT 101. On April 27, 2026, Judge Lin ordered Cadence to file any opposition to the application by April 30 (DKT 102). On May 4, 2026, Judge Lin denied the application. (Dkt. 104.) But for Judge Lin's scheduling order on the application, SZ Fenda would have met the April 27th deadline.

Counsel for SZ Fenda has diligently worked with SZ Fenda to address the discovery requests, which included traveling to China for in-person meetings. (DKT 101-1, par. 7.) Counsel has also worked diligently to provide further responses to interrogatories and document requests, having last met with SZ Fenda late Wednesday evening, April 29th. During that meeting, we learned that SZ Fenda would be unavailable until the latter part of the week of May 4 due to the Chinese Labour Day holiday. This holiday started May 1 and lasts five days. We are scheduled to meet with SZ Fenda on the evening of May 7, despite our being out of state on a planned vacation.

While we hope to narrow the issues, not all of the issues will be resolved. First, the parties dispute the permissible scope and location of Cadence's computer inspection request.[1] SZ Fenda timely objected to the scope and location. See ex. 6. We have repeatedly asked Cadence for a specific protocol and have been advised that the protocol depends on factors such as the location of the inspection and number of computers to be inspected. While no such protocol has been provided, Cadence has orally advised that it intends to, for all intents and purposes, copy the hard drives of the SZ Fenda computers. To address the scope of the inspection, SZ Fenda intends to submit one or more declarations to show that a much less invasive inspection will provide Cadence with sufficient information and that allowing Cadence to copy the hard drives would give them access to trade secrets and other confidential and personal information unrelated to the claims in this action.

---

[1] At the February 18, 2026 status conference, Judge Lin initially ordered that the inspection take place in Shenzhen to minimize the disruption to SZ Fenda. 2/18/26 CMC Tr. At 3:14-4:7. While Mr. Papazian asserted that such an inspection would be illegal in China (Id. at 5:23-6), such is not our understanding (Id. at 8:4-15); rather our understanding is that such an inspection can proceed once approved by the proper Chinese authorities. Moreover, in response Mr. Papazian's statement, the Court indicated that Hong Kong could be an alternative for the inspection. Id. 7:5-11) As to the number of computers to be inspected, consistent with the numerous hostnames and MAC addresses included in Cadence's inspection request, Mr. Papazian also asserted at the status conference that Cadence had detected between 250 and "maybe a little over 300 computers" that were involved. (Id. at7:15-8:1.) While SZ Fenda has identified in discovery response that only 11 of its computers presently contain Cadence software, it is clear that Cadence will seek to inspect hundreds of computers.

Another key issue is whether Cadence is entitled to inspect the computers of SZ Fenda's subsidiaries and to obtain information and documents regarding the subsidiaries. SZ Fenda's position is that it does not control the subsidiaries, and it intends to submit a declaration demonstrating the lack of control.

Another key issue to all the requests is Chinese laws that prohibit SZ Fenda from producing computers and disclosing data and personal information without going through required channels, including obtaining the consent of the competent authorities and (as to personal information) the individuals involved: Article 36 of the Data Security Law ("DSL"), Articles 294 of the Civil Procedure Law of China, Article 294 of the China's Supreme Court Provisions for handling requests for judicial requests and Articles 39 and 41 of the Personal Information Protection Law.

Cadence has denigrated this assertion as, among other things, being a Chinese strategy to attempt to avoid discovery, (DKT 103, 3:22-28) and asserts that the courts have repeatedly rejected these objections.

However, some federal courts have recognized DSL's application to U.S. discovery proceedings. *See In re DiDi Glob. Inc. Sec. Litig.*, 2025 U.S. Dist. LEXIS 54080, **8-12 (S.D.N.Y. Mar. 24, 2025) ("the Court agrees with DiDi that Article 36 applies to production of information in civil discovery" and applies to data "without any limitation to particular classifications." *9); *Concepts Nrec, LLC v. Xuwen Qiu*, 662 F. Supp. 3d 496, 529 (D. Vt. 2023).

Although a finding of the foreign law's application to U.S. discovery proceeding does not end the analysis. Rather, the court will apply international comity test to determine whether the responding party should respond to the discovery requests. *Id.* at 529; DiDi, supra at **12-16.

These Chinese laws subject SZ Fenda to penalties for noncompliance. Based in China, SZ Fenda must try to comply with Chinese law to avoid sanctions and/or any repercussions from non-compliance. SZ Fenda intends to submit a declaration by its Chinese counsel as to the applicability of these laws, the consequences of violating these laws, and its communications with the government regarding these discovery requests.

In sum, in light of the Labour Day holiday and counsel's vacation schedule (leaving May 6 and returning to the office on May 11), SZ Fenda requests the Court allow SZ Fenda additional time to provide further responses, followed shortly thereafter by supporting declarations regarding Chinese laws, the scope and location of the computer inspection and SZ Fenda's lack of control over its subsidiaries.

## III. Attestation of Counsel

Counsel for the parties hereby certify and attest that they have met and conferred by videoconference on several occasions in good faith to attempt to resolve the disputes briefed herein. The parties further conducted a lead counsel meet-and-confer on April 22, 2026.

May 5, 2026

DATED: May 5, 2026 By: */s/ Steve Papazian*

**Guy Ruttenberg**
RUTTENBERG IP LAW, A PROFESSIONAL CORPORATION
1801 Century Park East, Suite 1920
Los Angeles, CA 90067
Telephone: (310) 627-2270
Fax: (310) 627-2260
guy@ruttenbergiplaw.com

**Steve Papazian**
PAPAZIAN IP LAW, APC
325 N. Larchmont Blvd, Suite 172
Los Angeles, CA 90004
Telephone: (562) 522-4086
Fax: (213) 816-1931
steve@papazianiplaw.com

*Attorneys for Plaintiff Cadence Design Systems, Inc.*

DATED: May 5, 2026 By: */s/ Richard Ergo*

**Cathleen S. Huang** (#219554)
**Richard Ergo** (#110487)
Bowles & Verna LLP
2121 N. California Blvd., Suite 875
Walnut Creek, California 94596
Telephone: (925) 935-3300
Facsimile: (925) 935-0371
Email: chuang@bowlesverna.com
rergo@bowlesverna.com

*Attorneys for Defendant Shenzhen Fenda Technology Co., Ltd.*

May 5, 2026

Pursuant to N.D. Cal. Local Rule 5-1(i)(3), the undersigned attests that all signatories herein have concurred in the filing of the document.

DATED: May 5, 2026 By: */s/ Steve Papazian*
Steve Papazian