UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CADENCE DESIGN SYSTEMS, INC.,
Plaintiff,
v.
FENDA USA INC., et al.,
Defendants.

Case No. 23-cv-05916-RFL (AGT)

**DISCOVERY ORDER**

Re: Dkt. No. 105

The parties dispute whether defendant Shenzhen Fenda (SZ Fenda) must comply with plaintiff Cadence Design Systems, Inc.'s (Cadence) discovery requests. Dkt. 105. The undersigned previously ordered further briefing on this dispute, dkt. 106, and now holds that SZ Fenda must respond to Cadence's discovery requests.

## I. Cadence's Requests Are at Issue

On January 28, 2026, Cadence served SZ Fenda with twenty-five Requests for Production of Documents. Dkt. 105 at 1–2; dkt. 105-2. SZ Fenda responded on March 31, 2026, asserting that certain Chinese laws precluded this discovery and that the information was under the control of its subsidiaries, not SZ Fenda. Dkt. 105-3.

Also on January 28, 2026, Cadence served Interrogatories No. 1–8 and 12. Dkt. 105 at 1. SZ Fenda responded to Interrogatory No. 1 on March 31, 2026. Dkt. 105-5. Cadence argues, and SZ Fenda doesn't respond, that the response was deficient. Dkt. 105 at 2. In response to the other Interrogatories at issue, SZ Fenda provided only objections. Dkt. 105-

5.

Cadence lastly served Requests for Inspection Nos. 1–3 on January 28, 2026. Dkt. 105 at 1. SZ Fenda responded with only objections on March 31, 2026. Dkt. 105-7.

In the Requests for Inspection, Cadence seeks "[a]ll computers comprising Cadence Software," all computers with certain hostnames, and all computers with certain MAC addresses. Dkt. 105-6. Cadence argues that the Court should order these computers to be produced for inspection in California, as noticed. Dkt. 105 at 3; dkt. 112 at 7.

**II. Possession, Custody and Control Arguments Are Unavailing**

A party responding to a subpoena must produce only those records which are in its "possession, custody or control." Fed. R. Civ. P. 34(a)(1). Documents not actually possessed by the subpoenaed party may be considered within its control if the party has "the legal right to obtain the documents on demand." *In re Citric Acid Litigation*, 191 F.3d 1090, 1107 (9th Cir. 1999). For example, "[a] corporation must produce documents possessed by a subsidiary that the parent corporation owns or wholly controls." *United States v. Int'l Union of Petroleum & Indus. Workers, AFL-CIO*, 870 F.2d 1450, 1452 (9th Cir. 1989).

SZ Fenda doesn't provide the names of the subsidiaries at issue, or delineate which subsidiary has which documents. Cadence responds that SZ Fenda's failure to provide these facts is dispositive of the objection on these grounds. Dkt. 112 at 6; *see also Bryant v. Serv. Corp. Int'l*, No. C 08-01190 SI, 2010 WL 2231869, at *1 (N.D. Cal. June 1, 2010) ("[T]o the extent [defendant] asserts that certain entities covered by plaintiffs' request are not within its control, [defendant] must identify the entities to plaintiffs rather than simply asserting a lack of control in a conclusory manner.").

Moreover, as Cadence highlights, dkt. 112 at 6, SZ Fenda concedes that it owns

subsidiaries. Dkt. 109 (Declaration of Maolin Zhang) ¶ 3 ("SZ Fenda currently owns 100% of most of its subsidiaries"). That's sufficient: the Court finds that responsive records must be produced by SZ Fenda.[1]

### III. Foreign Laws Don't Shield SZ Fenda

SZ Fenda next contends that Chinese law prohibits it from producing computers or disclosing data or personal information without going through certain channels Dkt. 105 at 5. The Chinese laws at issue are Article 36 of the Data Security Law (DSL), Article 294 of the Civil Procedure Law of China (CPL), Article 294 of China's Supreme Court Provisions, and Articles 39 and 41 of the Personal Information Protection Law (PIPL). *Id.*

#### A. Article 294 and Article 36 Objections Are Partially Waived

Cadence first argues that SZ Fenda failed to timely raise objections based on Article 294 of the CPL and Article 36 of the DSL. Dkt. 112 at 2. The Court agrees that the objections to the Requests for Production and Interrogatories were untimely and therefore are waived. *See Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (finding that a party waived objection based on foreign secrecy laws because the party did not "raise the issue before the district court as an objection to [the other party's] discovery request"); *Microsoft Corp. v. Hon Hai Precision Indus. Co.*, No. 19-CV-01279 LHK (NC), 2020 WL 8991669, at *4 (N.D. Cal. Feb. 12, 2020) (finding waiver where the defendant repeatedly failed to raise foreign law objections).

/ / /

[1] To the extent that there are responsive records in the control of subsidiaries that SZ Fenda does not own or control, the parties are directed to meet and confer regarding those records within ten days of the filing date of this order. If a resolution cannot be reached, the parties may file an updated joint discovery letter. Any updated letter must identify the relevant subsidiaries and explicate which materials are in the control of those subsidiaries.

**B. No Comity Analysis Done**

Even if not waived, however, Cadence is correct that Article 294 of the CPL and Article 36 of the DSL don't save SZ Fenda here. Dkt. 112 at 2–5. "It is well settled that [foreign blocking statutes] do not deprive an American court of the power to order a party subject to its jurisdiction to produce evidence even though the act of production may violate that statute." *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct. for S. Dist. of Iowa*, 482 U.S. 522, 544 n.29 (1987). Instead, SZ Fenda must show that discovery is barred by foreign laws. *In re Grand Jury Proc.*, 873 F.2d 238, 239–40 (9th Cir. 1989). If it does, then SZ Fenda must also show that the Court should honor the Chinese laws over U.S. laws in a comity analysis. *See Aerospatiale*, 482 U.S. at 543–44 nn.27–29. It hasn't met either burden.

SZ Fenda doesn't even attempt to engage in a comity analysis. As such, assuming the cited Chinese laws impede discovery, SZ Fenda still fails to meet its burden. That is sufficient reason for the Court to deny SZ Fenda's objections. *See Microsoft Corp.*, 2020 WL 8991669, at *4 (ordering discovery produced where the defendant failed to "show[ ] that the *Aerospatiale* factors favor limiting discovery in this case").

**C. Cited Laws Don't Block This Discovery**

The Chinese laws cited don't block discovery. Article 36 of the DSL requires approval from the Chinese Ministry of Justice before information may be provided to "foreign judicial or law enforcement authorities." Dkt. 108 (Declaration of Kun Zhuo) ¶ 3. But in the United States, the parties, not the courts, propound discovery. As such, U.S. courts have routinely concluded that Article 36 of the DSL doesn't bar discovery. *See, e.g.*, *Intex Recreation Corp. v. Bestway (USA), Inc.*, No. CV 19-8596-JAK(EX), 2023 WL 11964260, at *2–3 (C.D. Cal. Oct. 30, 2023); *Philips Med. Sys. (Cleveland), Inc., v. Buan,* No. 19 CV 2648,

2022 WL 602485, at *6 (N.D. Ill. Mar. 1, 2022); *In re Valsartan, Losartan, & Irbesartan Prods. Liab. Litig.*, No. MDL 2875 (RBK), 2021 WL 6010575 (D.N.J. Dec. 20, 2021). The same shall result here.[2, 3]

SZ Fenda next claims that Article 294 of the CPL bars discovery. Dkt. 105 at 5. In a supporting declaration, Kun Zhuo, a partner at a Chinese law firm, attests that Article 294 requires that discovery proceedings comply with the Hague Evidence Convention. Dkt. 108 ¶ 34.

But, like Article 39 of the DSL, Article 294 of the CPL is applicable to court-to-court judicial assistance requests. It's in Chapter 27 of the CPL, "Judicial Assistance." Dkt. 108 at 250 (Exhibit I to Kun Zhuo Declaration). And it's immediately preceded by Article 293, which explains that "[p]ursuant to the international treaty concluded or participated by the People's Republic of China or in accordance with the principle of reciprocity, a People's Court and a foreign court may request each other to carry out . . . ." *Id.* at 250–51. Article 294 begins, "[r]equest for and provision of judicial assistance shall be carried out . . . ." *Id.* at 251. The requests at issue in Article 294 are therefore those from a court. Article 294 is not applicable to discovery disputes involving private litigants, as here. *See also* dkt. 112-1

---

[2] SZ Fenda cites, dkt. 105 at 5, *In re DiDi Global Inc. Securities Litigation* in support of its position. No. 21-CV-5807, 2025 WL 896053 (S.D.N.Y. Mar. 24, 2025), *reconsideration denied,* No. 21-CV-5807, 2025 WL 1069074 (S.D.N.Y. Apr. 8, 2025), But that case, which takes the minority position, did not explain the reasoning behind its finding that Article 36 applied to civil discovery. Moreover, after a comity analysis, the *DiDi* court still ordered the defendant to answer an interrogatory. *Id.* at *5. SZ Fenda also cites, dkt. 105 at 5, *Concepts NREC, LLC v. Qiu*. 662 F. Supp. 3d 496 (D. Vt.), *objections overruled,* 698 F. Supp. 3d 698 (D. Vt. 2023). That case dealt with a subpoena (not at issue here) and ultimately only concluded that the DSL's key provisions" had "unclear meaning." 662 F. Supp. 3d at 529. After a comity analysis, that court also ordered compliance with the subpoena. *Id.* at 536. These cases therefore are distinguishable and don't provide dispositive support for SZ Fenda's position.

[3] The same result holds true for Article 41 of the PIPL, which requires approval from the Chinese Ministry of Justice for any personal information provided to "foreign judicial or law enforcement authorities." *See* dkt. 112 at 3 (arguing same).

(declaration of Xiaodong Wang) ¶¶ 42–51.[4]

SZ Fenda finally argues that Articles 13 and 39 of the PIPL bar discovery. Dkt. 105 at 5; dkt. 110 (declaration of Xiong Jin) ¶ 6. Article 39 requires notice and consent from individuals before a "personal information processor" transfers personal information outside of China. Dkt. 108 ¶ 27. Cadence responds that Article 13 of the PIPL excuses the need for consent when the data is being provided to fulfill legal obligations, such as responding to discovery requests. Dkt. 112 at 4; dkt. 112-1 ¶ 34.

SZ Fenda's argument has been considered and rejected in this District. In *Cadence Design Sys., Inc. v. Syntronic AB*, Judge Spero considered a declaration from Wang, the same declarant relied on by Cadence here. No. 21-CV-03610-SI (JCS), 2022 WL 2290593 (N.D. Cal. June 24, 2022). There, Judge Spero found that the defendant was obligated to follow U.S. discovery rules and court orders thanks to its status as a party in the case. *Id.* at *5. So, the court's order to produce documents "create[d] a legal obligation sufficient to invoke the exception of Article 13 and proceed without the individual employees' consent under Article 39." *Id.* Judge Spero ordered production. *Id.* at *6. The same shall result here. *See also Owen v. Elastos Found.*, 343 F.R.D. 268, 285–86 (S.D.N.Y. 2023) (rejecting similar arguments and ordering production).[5]

[4] SZ Fenda files a declaration from Bairu Xue, stating that he communicated with China's Ministry of Justice (MOJ) regarding whether discovery needed to be served in compliance with the Hague Evidence Convention. Dkt. 111 ¶ 2. He was advised that SZ Fenda should not comply because evidence from within China needed to be obtained via the Hague Evidence Convention. *Id.* ¶ 3. But Cadence files a declaration from Wang, in which Wang testifies that he also called the MOJ and was informed that approval would not be required from the MOJ for a Chinese litigant to provide data to a U.S. litigant in connection with U.S. court proceedings. Dkt. 112-1 ¶ 59. And regardless, Xue's declaration is not dispositive in light of the Court's review of the text of the relevant provisions.

[5] In the joint discovery letter brief, SZ Fenda also mentions that discovery is blocked by Article 294 of China's Supreme Court Provisions for Handling Judicial Requests. Dkt. 105 at 5. SZ Fenda, however, fails to include any argument in support of this claim. Therefore,

## IV. Conclusion

Because SZ Fenda doesn't raise relevancy or proportionality concerns in this joint discovery letter brief, *see* dkt. 105, or subsequent briefing, the Court finds that SZ Fenda must respond in full to Cadence's Requests for Production of Documents Nos. 1–25. SZ Fenda is additionally ordered to respond in full to Cadence's Interrogatories Nos. 1–8 and 12. SZ Fenda's responses are due within ten days of the filing date of this order.

Finally, SZ Fenda doesn't protest production of the computers in the United States. *See also Cadence Design Sys.*, 2022 WL 2290593 at *6 (ordering production of computers in the United States). SZ Fenda must produce the relevant computers for inspection in Los Angeles, California, United States, in response to Requests for Inspection Nos. 1–3, within fourteen days of the filing date of this order.[6, 7]

**IT IS SO ORDERED.**

Dated: August 17, 2026

Alex G. Tse
United States Magistrate Judge

---

the Court finds SZ Fenda has failed to show that this provision bars discovery.

[6] SZ Fenda produces a declaration from Xiong Jin, arguing that "a comprehensive inspection of all computers" at SZ Fenda would be problematic. Dkt. 110 ¶ 3. As argued by Cadence, that is not what Cadence's requests seek. Dkt. 112 at 7.

[7] Cadence argues that SZ Fenda is out of time to challenge the inspection of its computers. Dkt. 105 at 1. In light of this order, the Court need not review the timeliness arguments.